**Dwight A. SHREWSBURY, Plaintiff,**

v.

**CYPRUS KANAWHA CORP., Defendant.**

No. Civ.A. 5:97–0934.

United States District Court,
S.D. West Virginia,
Beckley Division.

Nov. 24, 1998.

Robert S. Baker and Mary Ellen Droll, Appalachian Research and Defense Fund, Beckley, WV, for plaintiff.

Albert F. Sebok and Erin Magee Condaras, Jackson & Kelly, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion for reconsideration of the Court's September 24, 1998 Memorandum Opinion and Order or, alternatively, for entry of final judgment pursuant to *Rule* 54(b) of the *Federal Rules of Civil Procedure.* Defendant has responded. The issues are ripe for review.

### I. PROCEDURAL BACKGROUND

The Court declines to restate the facts and, instead, relies on the facts as stated in the September 24, 1998 Memorandum Opinion and Order ("Order"). In that Order, the Court granted in part and denied in part Defendants' motion for summary judgment. On October 7, Plaintiff filed the instant motion, arguing the Court erred in granting summary judgment on the discrimination, tort of outrage, tortious interference with contract, conversion and veil-piercing claims.

### II. DISCUSSION

#### A. Procedural Posture of the Motion

Plaintiff states the motion is made under *Rule* 59(e) of the *Federal Rules of Civil Procedure.*[1] *Rule* 59(e) is not, however, the appropriate vehicle for a motion for reconsideration. Our Court of Appeals has recognized a motion for review of an interlocutory order cannot be made under *Rule* 59(e). *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1469–70 (4th Cir.1991). The Order at issue is an interlocutory order because less than all claims as to all parties were adjudicated in that Plaintiff's claim under the Fair Labor Standards Act continues against Cyprus Kanawha. Accordingly, a motion for reconsideration is not brought properly under *Rule* 59(e).

Nonetheless, the Court retains power to amend interlocutory orders to achieve complete justice. "An interlocutory order is subject to reconsideration at any time prior to entry of a final judgment." *Id.* at 1469. Our Court of Appeals has recognized such a motion may be brought properly under *Rule* 54(b). *Id.* at 1470.

It is less clear under exactly what standards a court reviews a motion to amend raised under *Rule* 54(b). A motion for reconsideration under *Rule* 54(b) is not subject to the strictures of a *Rule* 60(b) motion and our Court of Appeals has declined to "thoroughly express [its] views on the interplay of Rules 60, 59 and 54." *Id.* at 1470, 1472. Because the parties' filings examine the motion under *Rule* 59(e) standards, they also do not clarify the appropriate standard under *Rule* 54(b). Following the instruction of *Fayetteville Investors,* the Court is guided by the general principles of *Rules* 59(e) and 60(b), but does not scrutinize Plaintiff's motion under those Rules' strictures.

#### B. Plaintiff's Substantive Arguments

Plaintiff presents only legal arguments and essentially argues the Court erred in its analysis and application of the law. Presumably, Plaintiff's motion for reconsideration is based on an argument of clear error, although Plaintiff nowhere states on what ground he seeks reconsideration.

Plaintiff's primary argument is the Court failed to draw all inferences in Plaintiff's favor. What Plaintiff fails to acknowledge, however, is that the Court must draw only *"reasonable* inferences" in his favor. *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 438 (4th Cir.1998) (emphasis added); *see also Halperin v. Abacus Technology Corp.,* 128 F.3d 191, 196 (4th Cir.1997) ("justifiable inferences"); *Porter v. United States Alumoweld Co., Inc.,* 125 F.3d 243, 245 (4th Cir.1997) ("reasonable inferences"). Moreover, a " 'mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which

---

**1.** That provision states, "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Fed.R.Civ.P. 59(e).

the jury could *reasonably* find for the plaintiff[.]'" *Harleysville Mut. Ins. Co. v. Packer,* 60 F.3d 1116, 1119–20 (4th Cir.1995) (emphasis added) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 244, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Plaintiff "'cannot create a genuine issue of fact through mere speculation or the building of one inference upon another,'" *id.* (quoting *Beale v. Hardy,* 769.F.2d 213, 214 (4th Cir.1985)).

Contrary to Plaintiff's contentions, the Court drew all *reasonable* inferences in Plaintiff's favor. On several claims, no reasonable jury could have found Plaintiff had proven essential elements of his claims. Consequently, the Court appropriately entered summary judgment in favor of Defendants on those claims.

As stated previously, Plaintiff does not elucidate an intervening change in the law or evidence previously unavailable. Upon review, the Court finds no clear error of law, nor does it find the need to amend its Order to prevent manifest injustice. Considering the grounds set out in *Rule* 60(b), the Court again finds no ground that makes reconsideration appropriate. Finally, considering Plaintiff's arguments as a whole, and without applying the strictures of either *Rule* 59(e) or *Rule* 60(b), the Court finds no appropriate basis for reconsidering its Order.

Second, Plaintiff seeks entry of the Memorandum Opinion and Order as a final, appealable order pursuant to *Rule* 54(b). Under that rule, the Court may do so "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R.Civ.P. 54(b). In his memorandum, Plaintiff offers no explanation as to why such a determination is appropriate in this case. Our Court of Appeals has reviewed the appropriate approach in considering such a motion:

> The chief purpose of a *Rule* 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit. The Rule also allows the district court to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims.

*Rule* 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, nor as an accommodation to counsel. As Judge (now Justice) Kennedy observed:

> Judgments under *Rule* 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

The burden is on the party endeavoring to obtain *Rule* 54(b) certification to demonstrate that the case warrants certification. *Braswell Shipyards, Inc. v. Beazer East, Inc.,* 2 F.3d 1331, 1335 (4th Cir.1993) (citations omitted) (quoting *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981)). Considering this guidance, the Court declines the invitation to certify its Order.

### III. CONCLUSION

Accordingly, the Court **DENIES** the motion for reconsideration and, alternatively, for certification under *Rule* 54(b).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.